JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MIGUEL LERMA, as Administrator with Will Annexed of the Estate of Ferrell Morgan,<br><br>Plaintiff,<br><br>v.<br><br>KHALID SALAHUDDIN,<br><br>Defendant. | Case No. CV 16-09242-JFW (RAOx)<br><br>ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS |

## I.

## FACTUAL BACKGROUND

On or about October 27, 2016, Plaintiff Juan Miguel Lerma, as Administrator with Will Annexed of the Estate of Ferrell Morgan ("Plaintiff"), filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Khalid Salahuddin ("Defendant"). (Notice of Removal ("Removal") & Attached Answer, Dkt. No. 1.) The Removal, which does not attach the complaint for unlawful detainer filed in Superior Court, provides no additional information about the real property involved or Defendant's status in relation to that property. In his Answer to the unlawful detainer complaint, Defendant states that Plaintiff is not the actual owner of the property. (Answer at 2.)

On December 14, 2016, Defendant filed a Notice of Removal, asserting that this Court has original jurisdiction under 28 U.S.C. § 1331. (Removal at 2.) In addition, Defendant filed an application for *in forma pauperis* status. (Dkt. No. 3.)

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and federal statutes. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue, *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, there is a "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. (Removal at 2.) Section 1441 of Title 28 of the United States Code provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

///

1   Here, the Court's review of the Notice of Removal and the attached answer
2   makes clear that this Court does not have federal question jurisdiction over the
3   instant matter. Defendant does not present any facts supplying federal question
4   jurisdiction, and therefore removal was improper. *See* 28 U.S.C. § 1441(a);
5   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318
6   (1987) ("Only state-court actions that originally could have been filed in federal
7   court may be removed to federal court by the defendant.").

8   The Court notes that the underlying action is one for unlawful detainer,
9   which arises under and is governed by the laws of the State of California. Thus,
10  there is no federal question apparent on the face of this action. *See, e.g.*, *Wescom*
11  *Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2
12  (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under
13  federal law."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA
14  (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to
15  state court for lack of subject matter jurisdiction where plaintiff's complaint
16  contained only an unlawful detainer claim).

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: December 16, 2016

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE